UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shenzhen Sunwell Industrial Co. Ltd., *Plaintiff*, v. The Partnerships and Unincorporated Associations Identified On Schedule A, *Defendants* | No. 25 C 1949 Judge Lindsay C. Jenkins |

### ORDER

Plaintiff Shenzhen Sunwell Industrial Co. Ltd. filed suit against six Defendants for allegedly infringing its design patent, U.S. Patent No. D926,487 (the "'487 Patent"), entitled "swivel chair." [Dkt. 1.] The only remaining Defendants, Shenzhen Qiuka Technology Co., Ltd., doing business as HILLGA, and Hangzhou Zhouzhouda Network Info Service Co., doing business as ZZD, have each filed motions to dismiss for lack of jurisdiction. [Dkt. 38, 44.][1] The Court agrees that jurisdiction is lacking and therefore grants both motions. HILLGA and ZZD are both dismissed without prejudice and the clerk will close the case.

*Legal Standard*

A plaintiff is not required to set out facts alleging personal jurisdiction in the complaint. *Steel Warehouse of Wisc., Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). If a defendant moves to dismiss on personal jurisdiction grounds, however, the burden shifts to the plaintiff to demonstrate that personal jurisdiction exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When the Court relies on written materials in its determination, without an evidentiary hearing, the plaintiff is only required to make a prima facie showing of personal jurisdiction. *Id.* at 782.

A plaintiff may choose to establish either general or specific personal jurisdiction over a defendant, but only specific personal jurisdiction is at issue here. The Court looks to Illinois' long-arm statute to determine whether it was proper to exercise personal jurisdiction over the moving Defendants. *NBA Props., Inc. v.*

---

[1] Initially, Defendant ZZD filed a motion to dissolve the temporary restraining order and a brief in opposition to Plaintiff's motion for a preliminary injunction, but the Court concluded that Shenzhen had carried its burden to show that it was likely to succeed on the merits of its infringement claim. After that Order issued, ZZD filed a motion to dismiss on jurisdictional grounds.

1

*HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022); see also 735 ILCS 5/2-209(c). Illinois' long-arm statute permits the exercise of jurisdiction to the full extent allowed by the Fourteenth Amendment's Due Process Clause. *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 912 (7th Cir. 2011). The Due Process Clause is satisfied where the defendant has "minimum contacts" with the forum state such that requiring it to defend in the forum would not offend "traditional notions of fair play and substantial justice." *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Such minimum contacts for specific personal jurisdiction requires that "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the state; (2) the alleged injury arises out of or relates to the defendant's forum-related activities; and (3) any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Rogers v. City of Hobart, Ind.*, 996 F.3d 812, 819 (7th Cir. 2021) (citing *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 398 (7th Cir. 2020)).

*Analysis*

Plaintiff Shenzhen argues that the Court has personal jurisdiction over HILLGA and ZZD because on February 25, 2025, it successfully placed test purchases of swivel chairs on Amazon from each Defendant that shipped to Illinois addresses on March 3, 2025. [Dkt. 47 at 4-5; Dkt. 49 at 4-5.] Shenzhen argues that by accepting payment, agreeing to ship the chair to an Illinois address, providing a confirmation number, and ultimately delivering the product to Illinois, HILLGA and ZZD are each subject to this Court's jurisdiction. [*Id.*]

All agree that HILLGA and ZZD accepted orders for a swivel chair and delivered the chairs to addresses in Illinois. This Court, like others in this district, has regularly concluded that such test purchases are usually sufficient to make a *prima facia* showing of purposeful availment at the dismissal stage because accepting an order for shipment to Illinois evinces that a defendant was ready, willing, and able to ship products to an Illinois address. *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022).

But here, Defendants counter that the Complaint was filed on February 24, 2025, and the test purchases were not placed until February 25, 2025. This, Defendants argue, was done in an attempt to retroactively manufacture jurisdiction through post hoc conduct. [Dkt. 48.] The Court agrees.

Simply put, jurisdiction cannot be based on a contact that did not exist when the plaintiff sued. *Matlin v. Spin Master Corporation*, 921 F.3d 701, 707 (7th Cir. 2019). Here, Shenzhen's jurisdictional argument rests on test purchases executed after it filed this lawsuit. But this is not evidence of sufficient minimum contacts with Illinois by either HILLGA or ZZD before the lawsuit was filed. Such attempts to

manufacture jurisdiction after-the-fact "flout the due process limitations on personal jurisdiction." *Matlin,* 921 F.3d at 707 ("[W]e cannot allow plaintiffs to base jurisdiction on a contact that did not exist at the time they filed suit.... [Such] tactics flout the due process limitation on personal jurisdictions.")

      The motion for preliminary injunction is denied, and the temporary restraining order is immediately dissolved. Generally, a plaintiff must be able to establish a colorable or *prima facie* showing of personal jurisdiction before discovery should be permitted. *See In re Sheehan,* 48 F.4th 513, 526 (7th Cir. 2022) (cleaned up). Because the only arguable basis for the Court's jurisdiction falters, and because the dismissal is without prejudice, the Court declines to allow jurisdictional discovery. The moving Defendants are dismissed from this action without prejudice for lack of jurisdiction.

Enter: 25-cv-1949
Date: April 15, 2025

_____
Lindsay C. Jenkins